**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HOOTERS OF AMERICA, LLC, *Plaintiff*, vs. ZURICH AMERICAN INSURANCE COMPANY d/b/a AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, *Defendant*. | Case No. 1:21-cv-1638 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant American Guarantee and Liability Insurance Company, incorrectly named as "Zurich American Insurance Company d/b/a American Guarantee and Liability Insurance Company" ("Zurich") files this Notice of Removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. For the reasons set forth below, removal is proper based on 28 U.S.C. §§ 1441 and 1446.

**INTRODUCTION**

1. On March 18, 2021, Plaintiff Hooters of America, LLC ("Hooters") filed a Complaint in the Circuit Court of Cook County, Illinois, Chancery Division styled *Hooters of America, LLC v. Zurich American Insurance Company d/b/a American Guarantee and Liability Insurance Company,* Case No. 2021-CH-01299 (the "Complaint").

2. Hooters' Complaint alleges that Zurich owes obligations of coverage under an insurance policy in light of Hooters' claimed business income losses as a result of the SARS-Cov-2 pandemic. A copy of Hooters' Complaint is attached as Exhibit A.

3. The Hooters' Complaint purports to attach a copy of the Zurich Policy at issue as Exhibit 1. A copy of the Zurich Policy attached to the Hooters' Complaint is attached hereto as Exhibit B.

## ZURICH HAS NOT BEEN "PROPERLY JOINED AND SERVED" UNDER 28 U.S.C. § 1441(B)(2)

4. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." (Emphasis added.)

5. Zurich is a citizen of Illinois (and New York).

6. However, Zurich has not been served with the Complaint, or with any other process, pleadings, or orders. 28 U.S.C. § 1446(a).

7. Zurich is entitled to removal of this litigation to federal court under § 1441(b)(2) because it has not yet been joined and served as a Defendant in the Cook County action. *See Knightsbridge Mgmt., Inc. T/A Knightsbridge Rest. Grp. v. Zurich Am. Ins. Co.*, 2021 WL 508687, at *3 (S.D. Ill. Feb. 11, 2021) (permitting Zurich, an in-state defendant, to remove prior being served); *West Bend Mut. Ins. Co. v. MSPPR, LLC*, 2021 WL 463259 (N.D. Ill. Feb. 9, 2021) (permitting removal prior to service by an in-state defendant); *I.T.M. v. Midwest Can Co., LLC*, 2021 WL 170734 (N.D. Ill. Jan. 19, 2021) (same); *Serv. Corp. Int'l v. Stericycle, Inc.*, 2020 WL 6565253, at *3 (N.D. Ill. Nov. 9, 2020) (same); *Grandinetti v. Uber Techs., Inc.*, 2020 WL 4437806, at *5 (N.D. Ill. Aug. 1, 2020) (same); *D.C. by & through Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 997 (N.D. Ill. 2018) (same); *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 937 (N.D. Ill. 2017) (same); *Selective Ins. Co. of S.C. v. Target Corp.*, 2013 WL 12205696, at *1 (N.D. Ill. Dec. 13, 2013) (same); *In re Pradaxa (Dabigatran Etexilate) Prod.*

*Liab. Litig.*, 2013 WL 656822, at *4 (S.D. Ill. Feb. 22, 2013) (same); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prod. Liab. Litig.*, 2010 WL 3937414, at *11 (S.D. Ill. Oct. 4, 2010) (same); *Sheffer v. Cottrell, Inc.*, 2009 WL 1231037, at *3 n.4 (S.D. Ill. Apr. 30, 2009) (same); *Massey v. Cassens & Sons, Inc.*, 2006 WL 381943, at *2 (S.D. Ill. Feb. 16, 2006) (same); *Maple Leaf Bakery v. Raychem Corp.*, 1999 WL 1101326, at *1 (N.D. Ill. Nov. 29, 1999) (same); *Morris v. Nuzzo*, 718 F.3d 660, 670 n.3 (7th Cir. 2013) (explaining in *dicta* that Section 1441(b)(2)'s "properly joined and served" provision is a "service-based exception to the forum defendant rule").

## DIVERSITY OF CITIZENSHIP

8. This action is removable to this Court under the general removal statute, 28 U.S.C. § 1446, because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Hooters and Zurich.

9. Hooters is a citizen of Georgia and Delaware.

10. The Complaint alleges that Hooters is a limited liability company organized under Georgia law with its principal place of business in Atlanta, Georgia. Ex. A ¶ 4.

11. Zurich has conducted a good faith investigation to determine the identity and citizenship of the member(s) of Hooters by searching public records and Hooters' filings in other cases.

12. On November 12, 2020, Hooters filed a notice of removal in the United States District Court for the Eastern District of Kentucky in a lawsuit styled *Brown v. Hooters of America, LLC,* Case No. 2:20-cv-00163-WOB-EBA. A copy of Hooters notice of removal in the *Brown* lawsuit is attached as Exhibit C.

13. In Hooters notice of removal, Hooters alleged as follows: "Hooters of America, LLC and its member were formed in Delaware and have their principal place of business in Georgia… Hooters of America, LLC is a citizen of Delaware and Georgia." Ex. C ¶ 7.

14. Therefore, as Hooters itself acknowledges, Hooters is a citizen of Delaware and Georgia.

15. Zurich is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.

16. Therefore, as alleged in Hooters' Complaint, Zurich is a citizen of New York and Illinois. *See also* Ex. A ¶ 5.

17. Therefore, Hooters and Zurich are citizens of different states.

## AMOUNT IN CONTROVERSY

18. Hooters' Complaint alleges that Zurich owes it coverage for Decontamination Costs and that the Zurich Policy's limit for that coverage is $250,000. Ex. A ¶¶ 22-23.

19. Hooters' Complaint alleges that Zurich owes it coverage for "Time Element" losses for the "financial losses resulting from suspension of its operations." Ex. A ¶¶ 24-28.

20. The limit for "Time Element" losses in the Zurich Policy attached to Hooters' Complaint is $50,000,000. Ex. B § 2.03.06.

21. Hooters' Complaint alleges that Zurich owes it coverage for "Extra Expense." Ex. A ¶¶ 29-32.

22. Hooters' Complaint alleges that Zurich owes it coverage for business income losses under the "Civil Authority" coverage. Ex. A ¶¶ 33-34.

4

23. Hooters' Complaint includes counts for declaratory judgment and breach of contract based on the foregoing coverages. Ex. A ¶¶ 67-99.

24. Hooters' Complaint alleges that Zurich violated section 155 of the Illinois Insurance Code such that Zurich owes Hooters its reasonable attorney fees. Ex. A ¶ 102.

25. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Twin City Fire Ins. Co. v. Law Office of John S. Xydakis, P.C.,* 407 F. Supp. 3d 771, 776 (N.D. Ill. 2019).

26. The object of the litigation here is the Zurich Policy, including its alleged Time Element Coverage with a $50,000,000 limit and Decontamination Costs coverage with a $250,000 limit.

27. Accordingly, the amount in controversy in the Complaint, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

## 28 U.S.C. § 1446'S REQUIREMENTS

28. <u>Removal is timely</u>. A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Although Zurich has not been served, the Complaint was filed on March 18, 2021, and received by Defendant other than through service. 28 U.S.C. § 1446(b)(1).

29. Therefore, this Notice of Removal, filed on March 25, 2021, is timely filed.

30. <u>Removal to proper court</u>. Venue is proper in this district under 28 U.S.C. § 1441(a) because the removed action was pending in this district and division.

31. <u>Pleadings and process</u>. Pursuant to 28 U.S.C. § 1446(a), although Zurich has not been served with "a copy of all process, pleadings, and orders" from the Cook County action, Zurich files herewith a true and accurate copy of Hooters' Complaint as Exhibit A.

32. <u>Notice to state court</u>. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Hooters' counsel and filed with the Clerk of the Circuit Court of Cook County, Illinois, Case No. 2021-CH-01299.

## **ORIGINAL JURISDICTION**

33. The Complaint is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, in that Plaintiff Hooters and Defendant Zurich are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

34. The case is therefore one that Zurich may remove to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## **RESERVATION OF RIGHTS**

35. By removing this case to this Court, Zurich reserves all rights and defenses, including but not limited to seeking dismissal and all other available grounds for procedural or substantive motions.

WHEREFORE, Defendant American Guarantee and Liability Insurance Company hereby removes the above-referenced action now pending in the Circuit Court of Cook County, Illinois to the U.S. District Court for the Northern District of Illinois, Eastern Division.

Dated: March 25, 2021                  Respectfully submitted,

                                                         By: /s/Jared K. Clapper
                                                            Eileen King Bower
                                                            Jared K. Clapper
                                                            CLYDE & CO US LLP
                                                            55 West Monroe, Suite 3000

                                                                 Chicago, IL 60603
                                                                 T: (312) 635-7000
                                                                 F: (312) 635-6950
                                                                 E: eileen.bower@clydeco.us
                                                                 E: jared.clapper@clydeco.us

                                                                 *Attorneys for Defendant American Guarantee and Liability Insurance Company*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 25, 2021, a copy of foregoing was filed electronically via the ECF filing system and was served on Hooters' counsel by email and U.S. Mail.

                                                             By: /s/Jared K. Clapper